UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| SABRELINER CORP., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 1:14-CV-2 SNLJ |
| | ) |
| GENERAL ELECTRIC CO., | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM and ORDER**

Plaintiff Sabreliner Corporation brought this lawsuit against defendant General Electric Company ("G.E.") alleging that G.E.'s product caused a fire on Sabreliner's property in Perryville, Missouri (the "Subject Property"). The fire is alleged to have caused substantial damages to Sabreliner's property and the contents therein. At all times relevant hereto, the Subject Property was insured pursuant to a commercial property policy of insurance produced by Charter Oak Fire Insurance Company ("Charter Oak"). After the fire, Charter Oak made payment under the subject policy of insurance to plaintiff Sabreliner. On or about March 17, 2014, Sabreliner Corporation, by and through its Court-appointed receiver, fully assigned its cause of action stemming from the subject fire and the resulting damages to its insurer, Charter Oak. Thus, Sabreliner asserts that Charter Oak is now the real party in interest and the proper party plaintiff to prosecute the subject litigation, and plaintiff has moved to substitute Charter Oak as plaintiff, apparently in accordance with Federal Rule of Civil Procedure 25.

Rule 25(c) states that if "an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in

the action or joined with the original party." There is no real debate here that Charter Oak has been transferred the interest in this litigation. Plaintiff Sabreliner has furnished the Court with the state court order appointing a receiver for Sabreliner and authorizing the receiver to assign existing contracts or other agreements on behalf of Sabreliner.[1] In addition, Sabreliner provided a copy of the Full and Complete Assignment of All Rights of Recovery for a Loss pertaining to this matter.

Plaintiff Sabreliner contends that no party will be prejudiced by substitution of Charter Oak as plaintiff. Defendant disagrees. First, defendant states discovery will be made more complicated because defendant will be unable to serve interrogatories on Sabreliner as a nonparty, and defendant would further be forced to issue non-party subpoenas for depositions. Second, defendant says it will be prejudiced in its ability to claim and prove comparative fault on Sabreliner's part if Sabreliner is a nonparty.

Because Charter Oak would stand in the shoes of Sabreliner, it will be subject to the same defenses as would be Sabreliner. *See Citibank v. Mincks*, 135 S.W.3d 545, 556-57 (Mo. App. S.D. 2004); *Doss v. EPIC Healthcare Mgmt. Co.*, 901 S.W.2d 216, 222 (Mo. App. S.D. 1995). Therefore, a comparative fault defense would be available to defendant.

As for defendant's assertion that it would be prejudiced if it had to obtain discovery from Sabreliner as a nonparty, plaintiff contends that defendant already anticipates conducting discovery from a Taiwanese entity (for which reason the defendant sought an extended discovery

---

[1]The Court notes that the context of the appointment of the receiver is somewhat unclear. It appears to relate to litigation pending in state court pertaining to Sabreliner's secured creditors. Regardless, defendant has not filed a surreply or otherwise challenged the legitimacy of the assignment made by the receiver to Charter Oak.

period), so Sabreliner's becoming a nonparty is comparatively a simple matter. The Court disagrees. A Case Management Order has already issued in this matter. The fact that a nonparty in Taiwan may have discoverable information does not change the fact that defendant's discovery strategy and methods would be affected should Sabreliner become a nonparty. Illustrative of that fact is that defendant has served requests for production and interrogatories on plaintiff Sabreliner, but Sabreliner has refused to comply in light of its pending motion to substitute. Instead, Sabreliner states that defendant must use the Court's subpoena power to cause it to produce documents. Sabreliner says nothing about the interrogatories propounded upon it. Defendant has filed a motion to compel as a result (#19).

Sabreliner suggests in its response to defendant's motion to compel that Sabreliner was the subject of an asset sale "several months ago," and it states that responsive documents may be in the hands of other parties. Sabreliner thus implies that it has not retained documents it may have been obligated to preserve in light of this litigation,[2] which it filed on October 29, 2013. Although those matters are not before the Court presently, Sabreliner's casual attitude toward document retention as a plaintiff provides further reason for this Court to maintain Sabreliner's status as a party in this matter.

---

[2]*See generally Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 216 (S.D.N.Y. 2003).

The Court will, pursuant to its discretion under Rule 25, join Charter Oak as a plaintiff in this matter, but Sabreliner will also remain a plaintiff at least through the discovery period.

Accordingly,

**IT IS HEREBY ORDERED** that the plaintiff's Motion to Amend to Substitute Charter Oak Fire Insurance Company as the Party Plaintiff (#15) is **GRANTED in part** and **DENIED in part**.

**IT IS FURTHER ORDERED** that plaintiff Sabreliner Corporation shall remain a plaintiff in this matter.

**IT IS FURTHER ORDERED** that Charter Oak Fire Insurance Company shall be **JOINED** as a plaintiff in this matter.

**IT IS FINALLY ORDERED** that defendant's Motion to Compel (#19) is **GRANTED.**

Dated this __16th__ day of May, 2014.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE